United States District Court
Southern District of Texas
**ENTERED**
August 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JESUS JAVIER GONZALEZ ORTEGA,**<br>Petitioner, | § | |
| v. | § | Civil Action No. **1:26-cv-808** |
| **DAVID VENTURELLA**, Acting Director of U.S. ICE, *et al.*,<br>Respondents. | § | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Before the Court is Petitioner Jesus Javier Gonzalez Ortega's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" ("§ 2241 Petition"). Dkt. No. 1. For the reasons discussed below, it is recommended that the Court: (1) **DENY** Gonzalez Ortega's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Gonzalez Ortega, a citizen of Mexico, is in immigration custody at the Port Isabel Detention Center ("PIDC") located in Los Fresnos, Texas. Dkt. No. 1 at 3, 9. In his § 2241 Petition, Gonzalez Ortega states that he has been detained at PIDC since June 21, 2026. *Id.* at 6. The Department of Homeland Security ("DHS") subsequently placed Gonzalez Ortega into removal proceedings, detaining him under 8 U.S.C. § 1225(b)(2)(A)

[1] Information obtained from Gonzalez Ortega's § 2241 Petition. *See* Dkt. No. 1. Gonzalez Ortega's A-number is A-223009157, and his country of origin is Mexico. *Id.* at 3, 9.

(hereinafter, "§ 1225(b)(2)(A)"). *Id.* at 3. Gonzalez Ortega remains in detention pending his removal proceedings.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2241

Under 28 U.S.C. § 2241, Congress authorized district courts to resolve habeas petitions, including immigration-detention cases. 28 U.S.C. § 2241(a), (c)(1), (c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas corpus exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. A court may sua sponte dismiss a habeas petition where it appears that the petitioner is not entitled to relief. *Id.* However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Fairness requires "both notice of the court's intention and an opportunity to respond." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014). A magistrate judge's report and recommendation provides sufficient notice and opportunity to respond. *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

### B. 8 U.S.C. § 1225(b)(2)(A)

Under § 1225(b)(2)(A), in the case of an alien who is an applicant for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a

proceeding under § 1229a[.]" When an alien is held under § 1225(b)(2)(A), the statute mandates detention pending the resolution of the alien's removal proceedings, subject to certain narrow exceptions[2]. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Under 8 U.S.C. § 1226(a) (hereinafter, "§ 1226(a)"), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Unlike § 1225(b)(2)(A), § 1226(a) allows, but does not require, the Attorney General to release detained aliens on bond. 8 U.S.C. § 1226(a)(2)(A)–(B).

On February 6, 2026, the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Buenrostro-Mendez* held, as a matter of statutory interpretation, that DHS properly classified and detained noncitizens who are not admitted to the United States under § 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 502. The Fifth Circuit held that "presence without admission deems the [aliens] to be applicants for admission." *Id.* The Fifth Circuit further held that "seeking admission" is equivalent to being an "applicant for admission" by operation of law. *Id.* As a result, aliens who do not show "clearly and beyond a doubt that" they are entitled to be admitted to the United States "shall be detained." *See id.* (citing 8 U.S.C. § 1225(b)(2)(A)).

While *Buenrostro-Mendez* forecloses any statutory claim addressing an alien's detention under § 1225(b)(2)(A), it does not address any constitutional claims regarding an alien's detention under the statute. Accordingly, a court considering habeas relief

[2] The Secretary of Homeland Security may temporarily parole into the United States "any alien applying for admission" on a "case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); *see Biden v. Texas*, 597 U.S. 785, 806 (2022). However, once the purposes of the parole have been served, the alien must immediately be returned to custody, and his case "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

involving § 1225(b)(2)(A) must still review any related constitutional claims raised by the petitioner.

### C. *Demore v. Kim*

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). However, the Supreme Court has recognized that detention during deportation proceedings is a constitutionally valid aspect of the deportation process. *Demore v. Kim*, 538 U.S. 510, 523 (2003); *see also Wong Wing v. United States*, 163 U.S. 228, 235 (1896); *see also Zadvydas v. Davis*, 533 U.S. 678, 697 (2001).

The Supreme Court reasoned that detention pending an alien's removal proceedings "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings." *Demore*, 538 U.S. at 528. Further, the Supreme Court rejected the petitioner's arguments that mandatory detention was unnecessary to prevent aliens from absconding during removal proceedings, holding that "the Due Process Clause does not require [the Government] to employ the least burdensome means to accomplish its goal." *Id.*

## III. DISCUSSION

In his § 2241 Petition, Gonzalez Ortega challenges the Government's statutory authority to detain him under § 1225(b)(2)(A) without an individualized bond hearing, which he further claims violates his rights under the Fifth Amendment's Due Process Clause. Dkt. No. 1 at 18–22.

### A. Gonzalez Ortega is "an applicant for admission" under § 1225(b)(2)(A).

In his § 2241 Petition, Gonzalez Ortega claims that the Government misclassified him as an "applicant for admission" under § 1225(b)(2)(A). *Id.* at 3. However, in light of the Fifth Circuit's decision in *Buenrostro-Mendez*, the Court finds that Gonzalez Ortega is properly classified under § 1225(b)(2)(A).

Gonzalez Ortega states that he "has resided in the United States for approximately twelve (12) years". *Id.* at 16. Critically, he does not argue that he was admitted or paroled into the United States prior to his detention. *See generally id.* As previously discussed, "presence without admission deems the [aliens] to be applicants for admission." *Buenrostro-Mendez*, 166 F.4th at 502. Further, "[a]n alien present in the United States who has not been admitted or who arrives in the United States [...] shall be deemed for the purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1).

Gonzalez Ortega, then, is properly classified as "an applicant for admission" who is "seeking admission" under § 1225(b)(2)(A); DHS "shall detain" Gonzalez Ortega pending his removal proceedings. 8 U.S.C. § 1225(b)(2)(A).

Further, Gonzalez Ortega's claims that his continued detention "violates bond regulations". Dkt. No. 1 at 19. The Court finds this claim fails too; it derives from his claim that he is improperly held under § 1225(b)(2)(A).

**B. Gonzalez Ortega's continued detention during removal proceedings does not violate the Fifth Amendment's Due Process Clause.**

The Court now considers whether Gonzalez Ortega's continued detention by the Government violates his rights under the Fifth Amendment Due Process Clause. Gonzalez Ortega argues that his § 2241 Petition should not be denied because he raises an independent constitutional challenge that his detention "without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his rights to due process". *Id.* at 22.

The Court finds the Supreme Court's *Demore* decision controlling in this instance. While the *Demore* decision focused on § 1226(c), requiring mandatory detention for aliens convicted of one of a specified set of crimes, the Supreme Court did not rely on a prior criminal conviction in reaching its decision. *Demore*, 538 U.S. at 531 (citing *Wing Wong*, 163 U.S. at 235). Instead, the Supreme Court focused on the Government's interest in ensuring that aliens do not abscond prior to or during their removal proceedings. *Id.* at 528.

The Supreme Court explicitly addressed the constitutional validity of mandatory detention during removal proceedings, finding that "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 531. The Court finds that the same reasoning applies to Gonzalez Ortega's detention under § 1225(b)(2)(A).

The Court, then, finds that Gonzalez Ortega's continued detention under § 1225(b)(2)(A) without a bond hearing does not violate his Due Process rights under the Fifth Amendment.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Gonzalez Ortega's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **17th** day of **August, 2026** at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**